STATE v. LENNART C. FORS.

208 N. W. 2d 733.

June 1, 1973—No. 43685.

*Harry N. Ray,* for appellant.
*John B. Dean,* for respondent.

PER CURIAM.

Defendant appeals his conviction of driving under the influence of alcohol, Minn. St. 169.121. Defendant alleges that the trial court erred in admitting the results of a breathalyzer test and that the evidence was not sufficient to justify the verdict. We affirm.

Defendant was involved in an automobile collision resulting in property damage to his vehicle and the other vehicle. At the time of the arrival of the police, the other driver made a citizen's arrest, and the police took defendant into custody. Pursuant to Minn. St. 169.123, subd. 2, a breathalyzer test was administered to defendant. Subsequently, defendant appeared in court and demanded that a formal written complaint be issued pursuant to Minn. St. 488A.10, subd. 4. Thereafter, such a complaint was issued in place of the tab charge, and defendant was tried and convicted by a jury.

Prior to trial, defendant received a Rasmussen notice and moved to suppress the breathalyzer test on the grounds that the issuance of the formal written complaint resulted in a dismissal of the citizen's arrest, and therefore defendant was not lawfully under arrest and the test could not be admitted under our statute. There is no merit to defendant's argument as the written complaint was issued at the request of defendant and resulted in a substitution for the tab charge and not a dismissal of the tab charge.

We have reviewed the evidence in this case and find that it more than adequately supports the verdict of the jury finding defendant guilty of the charge.

Affirmed.